UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-20479-JB

CARLOS BRITO,

    Plaintiff,

v.

GRI-EQY (AIRPARK PLAZA) LLC;
SUBWAY 25904 INC d/b/a SUBWAY;
CASA JUAN RESTAURANT, INC. d/b/a
CASA JUAN RESTAURANT; and MR
CACHAPA MIDTOWN LLC d/b/a SR.
DE LOS TACOS BLUE LAGOON,

    Defendants.
_____/

**DEFENDANT GRI-EQY (AIRPARK PLAZA) LLC'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant GRI-EQY (AIRPARK PLAZA) LLC ("Airpark Plaza") hereby submits its answer and affirmative and other defenses to the complaint filed by Plaintiff CARLOS BRITO.

**Answer to Complaint**

Airpark Plaza denies each and every allegation of Plaintiff's complaint not expressly admitted below. Airpark Plaza's answer to each of the specifically enumerated paragraphs of Plaintiff's complaint is as follows:

1. In response to paragraph no. 1, Airpark Plaza acknowledges only that Plaintiff purports to bring an action under Title III of the Americans With Disabilities Act, 42 U.S.C. § 12131 et seq. ("Title III" of the "ADA"). Any and all remaining allegations of paragraph no. 1 not expressly admitted are denied, and Airpark Plaza denies that Plaintiff is entitled to any relief whatsoever.

2. In response to paragraph no. 2, Airpark Plaza acknowledges only that this Court has original jurisdiction over claims arising under Title III of the ADA where the Plaintiff has standing and there is a case and controversy. Any and all remaining allegations of paragraph no. 2 not expressly admitted are denied, and Airpark Plaza denies that Plaintiff is entitled to any relief whatsoever.

3. Airpark Plaza is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 3, and on that basis Airpark Plaza denies the allegations set forth in paragraph no. 3.

4. In response to paragraph no. 4, Airpark Plaza admits only that it currently owns the commercial real property located at the property address of 5705 NW 7th Street, Miami, Florida 33126 (Folio No. 01-3051-006-0010). Any and all remaining allegations of paragraph no. 4 not expressly admitted are denied.

5. In response to paragraph no. 5, Airpark Plaza admits only that it is a Delaware limited liability company with its principal address located in Bethesda, Maryland. Any and all remaining allegations of paragraph no. 5 not expressly admitted are denied.

6. In response to paragraph no. 6, Airpark Plaza admits only that (a) Defendant SUBWAY 25904 INC currently operates a restaurant business at the address of 5789 NW 7th Street, Miami, Florida 33126; and (b) that address is located on the commercial real property currently owned by Airpark Plaza as identified in paragraph no. 4 above (Folio No. 01-3051-006-0010). Any and all remaining allegations of paragraph no. 6 not expressly admitted are denied.

7. Airpark Plaza is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 7, and on that basis Airpark Plaza denies the allegations set forth in paragraph no. 7.

8. In response to paragraph no. 8, Airpark Plaza admits only that (a) Defendant CASE JUAN RESTAURANT, INC. currently operates a restaurant business at the address of 5755 NW 7th Street, Miami, Florida 33126; and (b) that address is located on the commercial real property currently owned by Airpark Plaza as identified in paragraph no. 4 above (Folio No. 01-3051-006-0010). Any and all remaining allegations of paragraph no. 8 not expressly admitted are denied.

9. Airpark Plaza is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 9, and on that basis Airpark Plaza denies the allegations set forth in paragraph no. 9.

10. In response to paragraph no. 10, Airpark Plaza admits only that (a) Defendant MR CACHAPA MIDTOWN LLC currently operates a restaurant business at the address of 5761 NW 7th Street, Miami, Florida 33126; and (b) that address is located on the commercial real property currently owned by Airpark Plaza as identified in paragraph no. 4 above (Folio No. 01-3051-006-0010). Any and all remaining allegations of paragraph no. 10 not expressly admitted are denied.

11. Airpark Plaza is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 11, and on that basis Airpark Plaza denies the allegations set forth in paragraph no. 11.

12. In response to paragraph no. 12, Airpark Plaza admits only that the commercial real property ostensibly at issue in this action is located in this judicial district. Any and all remaining allegations of paragraph no. 12 not expressly admitted are denied.

13. Airpark Plaza denies the allegations set forth in paragraph no. 13.

14. Airpark Plaza denies the allegations set forth in paragraph no. 14.

15. In response to paragraph no. 15, Airpark Plaza states that paragraph no. 15 contains Plaintiff's legal conclusions and argument, to which no response is required. To the extent a

response is required, Airpark Plaza acknowledges only that the text of the ADA and its implementing regulations speak for themselves. Any and all remaining allegations of paragraph no. 15 not expressly admitted are denied.

16. Airpark Plaza is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 16, and on that basis Airpark Plaza denies the allegations set forth in paragraph no. 16.

17. Airpark Plaza is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 17, and on that basis Airpark Plaza denies the allegations set forth in paragraph no. 17.

18. Airpark Plaza is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 18, and on that basis Airpark Plaza denies the allegations set forth in paragraph no. 18.

19. In response to paragraph no. 19, Airpark Plaza admits only that it currently owns the commercial real property located at the property address of 5705 NW 7th Street, Miami, Florida 33126 (Folio No. 01-3051-006-0010). Any and all remaining allegations of paragraph no. 19 not expressly admitted are denied.

20. In response to paragraph no. 20, Airpark Plaza admits only that the commercial real property ostensibly at issue in this action is generally open to the public. Any and all remaining allegations of paragraph no. 20 not expressly admitted are denied.

21. Airpark Plaza denies the allegations set forth in paragraph no. 21.

22. Airpark Plaza denies the allegations set forth in paragraph no. 22.

23. In response to paragraph no. 23, Airpark Plaza incorporates its responses to paragraph nos. 4, 6, 8 and 10 as set forth above. Any and all remaining allegations of paragraph

no. 23 not expressly admitted are denied.

24. In response to paragraph no. 24, Airpark Plaza states that paragraph no. 24 contains Plaintiff's legal conclusions and argument, to which no response is required. To the extent a response is required, Airpark Plaza denies the allegations set forth in paragraph no. 24.

25. Airpark Plaza denies the allegations set forth in paragraph no. 25.

26. Airpark Plaza denies the allegations set forth in paragraph no. 26.

## Count I

27. Airpark Plaza reavers and realleges its responses to paragraph nos. 1 through 26 of Plaintiff's complaint as if fully set forth herein.

28. Airpark Plaza denies the allegations set forth in paragraph no. 28 (including all subparts and subparagraphs to paragraph no. 28).

## Count II

29. Airpark Plaza reavers and realleges its responses to paragraph nos. 1 through 26 of Plaintiff's complaint as if fully set forth herein.

30. Airpark Plaza denies the allegations set forth in paragraph no. 30 (including all subparts and subparagraphs to paragraph no. 30).

## Count III

31. Airpark Plaza reavers and realleges its responses to paragraph nos. 1 through 26 of Plaintiff's complaint as if fully set forth herein.

32. Airpark Plaza denies the allegations set forth in paragraph no. 32 (including all subparts and subparagraphs to paragraph no. 32).

## Count IV

33. Airpark Plaza reavers and realleges its responses to paragraph nos. 1 through 26 of

Plaintiff's complaint as if fully set forth herein.

34. Airpark Plaza denies the allegations set forth in paragraph no. 34 (including all subparts and subparagraphs to paragraph no. 34).

## Relief Allegedly Sought

35. In response to paragraph no. 35, Airpark Plaza states that paragraph no. 35 contains Plaintiff's legal conclusions and argument and an expression of Plaintiff's desire to conduct discovery, to which no response is required. To the extent a response is required, Airpark Plaza denies the allegations set forth in paragraph no. 35.

36. Airpark Plaza denies the allegations set forth in paragraph no. 36.

37. Airpark Plaza denies the allegations set forth in paragraph no. 37.

38. In response to paragraph no. 38, Airpark Plaza acknowledges only that Plaintiff's counsel purports to represent Plaintiff in this action. Any and all remaining allegations of paragraph no. 38 not expressly admitted are denied, and Airpark Plaza denies that Plaintiff is entitled to any relief whatsoever.

39. Airpark Plaza denies the allegations set forth in paragraph no. 39.

40. Airpark Plaza denies the allegations set forth in paragraph no. 40.

41. In response to paragraph no. 41, Airpark Plaza acknowledges only that the Court generally has authority to grant injunctive relief. Any and all remaining allegations of paragraph no. 41 not expressly admitted are denied, and Airpark Plaza denies that Plaintiff is entitled to any relief whatsoever.

In response to the "wherefore" clause following paragraph no. 41, Airpark Plaza denies that Plaintiff is entitled to any relief whatsoever.

## Affirmative and/or Other Defenses

By pleading the following as affirmative and/or other defenses, Airpark Plaza does not concede or acknowledge that it must prove each of the asserted defenses. Plaintiff retains the burden of proof on all matters necessary to state the claims purportedly asserted in the complaint and/or to establish entitlement to relief. Without prejudice to its denials and other statements in this answer, Airpark Plaza asserts the following defenses:

1. Plaintiff does not have standing. Plaintiff is not a qualified individual with a disability under the ADA. Plaintiff has failed to sufficiently allege any past or prospective injury in fact regarding the property ostensibly at issue in this action. Plaintiff lacks standing to challenge any alleged barriers not specifically identified and set forth in a properly-filed pleading or any alleged barrier Plaintiff did not personally and actually encounter. Plaintiff further lacks standing to challenge any alleged barriers not related to Plaintiff's alleged disability, and Plaintiff lacks standing to challenge any alleged barriers to the extent Plaintiff fails to set forth how the barrier(s) detrimentally affected and/or impaired Plaintiff's ability to access the property. Plaintiff cannot show any concrete, particularized, and imminent injury and therefore lacks standing to bring this claim. Further, Plaintiff has not alleged, nor can Plaintiff show, that future harm, if any, is imminent and irreparable. As result, injunctive relief is not appropriate and/or Plaintiff has an adequate remedy at law.

2. Airpark Plaza hereby expressly provides Plaintiff with notice of Airpark Plaza's intention to promptly address and remove the alleged barriers to access asserted in Plaintiff's complaint, to the extent such barriers exist and are within Airpark Plaza's possession and ability to address. In that regard, Plaintiff's claims are moot in whole or in part. To the extent any barriers to access ever existed at the property ostensibly at issue in this action, Airpark Plaza was unaware

of such barriers until being provided notice via this action; and prior to the institution of this action and/or during the pendency of this action, and in a manner which precludes the relief Plaintiff seeks, all such barriers have been or will be removed to the extent readily achievable and technically feasible.  To the extent that the removal of any barriers is not readily achievable, there currently or will exist "alternatives" to barrier removal as set forth in the ADA regulations.

   3. Plaintiff failed to provide (a) reasonable notice to Airpark Plaza of the alleged violations and (b) a reasonable opportunity for Airpark Plaza to address and cure the alleged violations.  Therefore, Plaintiff should be barred from recovering reasonable attorney's fees and costs or any recovery should be reduced accordingly.  See <u>Ass'n of Disabled Am. v. Neptune Designs, Inc.</u>, 469 F.3d 1357, 1360 (11th Cir. 2006) ("a district court may consider whether the plaintiff's failure to ask for or to accept voluntary compliance prior to suit indicates that the plaintiff has acted in bad faith, has been unduly litigious, or has caused unnecessary trouble and expense" and "where the factual record supports a finding that the plaintiff filed or maintained a suit unnecessarily, a district court may properly consider such a finding in setting the amount of attorney's fees").

   4. Plaintiff is demanding or will demand modifications which are not readily achievable, are technically infeasible, are structurally impractical, are not required, would impose an undue burden or hardship on Airpark Plaza, would fundamentally alter the use of the property ostensibly at issue in this action and/or would create a risk to the health and safety of Plaintiff and/or of others.  Since at this point Plaintiff has merely alleged supposed barriers without setting forth any proposed modifications, Airpark Plaza is not presently able to more specifically allege the extent to which this defense is applicable in this action, but Plaintiff is nevertheless on fair notice of the defense.

5. Plaintiff cannot satisfy Plaintiff's burden of proof to establish (a) that any architectural barriers exist and (b) that Plaintiff's proposed methods of architectural barrier removal are readily achievable. Moreover, Plaintiff cannot satisfy Plaintiff's burden of proof to present evidence of a specific design to remove alleged barriers, the costs associated therewith and/or how the proposed design would affect Airpark Plaza's finances and/or operations at the property ostensibly at issue in this action.

6. Plaintiff's claims against Airpark Plaza are barred in whole or in part to the extent any liability or responsibility for such claims is due to the acts and/or omissions of others besides Airpark Plaza.

7. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations. In that regard, Plaintiff identifies a single visit to the property ostensibly at issue in this action, "on or about December 13, 2024," complaint at ¶ 20, and although that date falls within the applicable statute of limitations, Plaintiff also alleges Plaintiff "often" visits the property ostensibly at issue in this action. Accordingly, Plaintiff's claims are barred to the extent they are based, in whole or in part, on visits to the property ostensibly at issue in this action and/or on acts or omissions of Airpark Plaza which occurred outside of the applicable statute of limitations.

8. Plaintiff's claims are barred in whole or in part by the doctrine of laches. More specifically, Plaintiff's delay in asserting Plaintiff's claims against Airpark Plaza after first learning of the existence of such claims has unduly prejudiced Airpark Plaza. As noted in the defense immediately above, at this point it is unclear exactly when Plaintiff first supposedly encountered alleged barriers at the property ostensibly at issue in this action, and thus Airpark Plaza is not presently able to more specifically allege the extent to which this defense is applicable in this action, but Plaintiff is nevertheless on fair notice of the defense.

9. Some of the modifications demanded by Plaintiff are subject to, and limited by, applicable local, state or other laws, and, as such, may not be able to be performed, assuming *arguendo* that such modifications would be otherwise required. Since at this point Plaintiff has merely alleged supposed barriers without setting forth any proposed modifications, Airpark Plaza is not presently able to more specifically allege the extent to which this defense is applicable in this action, but Plaintiff is nevertheless on fair notice of the defense.

10. Plaintiff's claims are barred by unclean hands. Plaintiff is not a bona fide patron or a bona fide tester. Instead, Plaintiff is a serial plaintiff who filed this action in an attempt to extort a settlement. In that regard, courts have recognized that a plaintiff's status as a serial filer of ADA Title III lawsuit is a relevant consideration. Indeed, the more lawsuits Plaintiff files, the *less plausible* each such lawsuit becomes. As the court held in Brother v. Tiger Partner, LLC, 331 F. Supp. 2d 1368, 1374–75 (M.D. Fla. 2004):

> [I]n view of his extensive litigation history, [the plaintiff's] professed intent to return to the property is insufficient. Indeed, to satisfy Article III's standing requirements, [the plaintiff] has professed an intent to return to all fifty-four of the properties he has sued. This is simply implausible.

*See, also*, e.g., Brother v. CPL Investments, Inc., 317 F. Supp. 2d 1358, 1369 (S.D. Fla. 2004) (finding plaintiff lacked a credible intent to return to the facility because "in the last year, he has been a plaintiff in more than 50 other suits in Florida which were brought pursuant to the ADA"); Brother v. Rossmore Tampa Ltd. P'ship, 2004 WL 3609350, at *4 (M.D. Fla. Aug. 19, 2004) ("The Court, however, finds that Plaintiff's professed intent to return to Airpark Plaza-hotel lacks credibility [since] Plaintiff has been a plaintiff in over seventy suits against places of public accommodations brought pursuant to the ADA"); Access 4 All Inc. v. Oak Spring, Inc., 2005 WL 1212663, at *5 (M.D. Fla. May 20, 2005) ("[I]n order to attempt to satisfy the constitutional standing requirement of Article III, Mr. Esposito has stated that he intends to return in the future

10

to the approximate one-hundred hotels that he has sued. While this may be so, the Court ... [finds] that such a contention is simply implausible and in any event is insufficient to evidence the required threat of future injury to establish standing."); Harris v. Stonecrest Care Auto Ctr., LLC, 472 F. Supp. 2d 1208, 1213 (S.D. Cal. 2007) ("While the Court acknowledges Mr. Harris' right to file ADA lawsuits to remedy denial of access violations, the reality is he has sued so many different establishments that it is impossible to believe he routinely visits the same establishments...."); Molski v. Mandarin Touch Rest., 385 F. Supp. 2d 1042, 1046 (C.D. Cal. 2005) ("A serial plaintiff's extensive litigation history can undermine his professed intent to return ... As a result, Mr. Molski's professed intent to return to the Mandarin Touch is insufficient to establish standing ... Molski's expressed intent to return to 400 or more businesses spread across the entire state of California is even more questionable.").

11.     Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Airpark Plaza has undertaken at the property ostensibly at issue in this action. See, e.g., Rapp v. Lawrence Welk Resort, 2013 WL 358268, at *4 (S.D. Cal. Jan. 28, 2013) ("'disproportionality' is a legally sufficient defense" in an ADA Title III action). Since at this point Plaintiff has merely alleged supposed barriers without setting forth any proposed modifications, Airpark Plaza is not presently able to more specifically allege the extent to which this defense is applicable in this action, but Plaintiff is nevertheless on fair notice of the defense.

12.     Plaintiff's claims are barred because any alterations at the property ostensibly at issue in this action are sufficient because they satisfy the "maximum extent feasible" standard. See, e.g., Rapp v. Lawrence Welk Resort, 2013 WL 358268, at *4 (S.D. Cal. Jan. 28, 2013) (in an ADA Title III action, "'maximum extent feasible' is a legally sufficient defense, and there is no

need for Defendants to allege the details of alteration in their defense"). Since at this point Plaintiff has merely alleged supposed barriers without setting forth any proposed modifications, Airpark Plaza is not presently able to more specifically allege the extent to which this defense is applicable in this action, but Plaintiff is nevertheless on fair notice of the defense.

13. Plaintiff's claims are barred because, with respect to any particular architectural element at the property ostensibly at issue in this action which departs from the ADA, Airpark Plaza and/or other parties have provided "equivalent facilitation" in the form of alternative designs, technologies and/or services that offer substantially equivalent or greater access to and usability of the property ostensibly at issue in this action. *See, e.g.*, Rapp v. Lawrence Welk Resort, 2013 WL 358268, at *4 (S.D. Cal. Jan. 28, 2013) (in an ADA Title III action, "equivalent facilitation" is a legally sufficient defense). Moreover, Airpark Plaza was and remains willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for or sought assistance.

14. Plaintiff's claims are barred because any claimed violations are "de minimis" and/or within conventional building industry tolerances. Such alleged violations are not actionable and do not materially impair Plaintiff's use of an area for an intended purpose. *See*, e.g., Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1086 n. 26 (D. Haw. 2000) ("injunctive relief may not be appropriate for violations of ADAAG Standards that are deemed to be de minimis" because such "violations do not materially impair the use of an area for its intended purpose, nor does it pose any apparent danger to persons with disabilities").

15. Plaintiff's claims are barred to the extent Plaintiff seeks relief for alleged barriers involving property or elements over which Airpark Plaza has no ownership or possessory interests, rights, duties and/or control.

16. The new construction standards of the ADA are inapplicable to the property ostensibly at issue in this action, and only the readily achievable standard applies. Areas of the property ostensibly at issue in this action which are in compliance with the 1991 ADA Standards codified at 28 C.F.R. part 36, app. A (2009), are exempt from any supplemental or separate requirements of the 2010 ADA Standards.

17. Plaintiff lacks standing to pursue this action as a class action or on behalf of other similarly situated individuals, and Plaintiff has otherwise failed to state a claim for any type of class relief.

18. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

**Additional Defenses**

Airpark Plaza reserves the right to assert additional affirmative and/or other defenses which may be learned or disclosed subsequent to the filing of this pleading.

**Demand for Attorney's Fees, Costs and Expenses**

Airpark Plaza has retained undersigned counsel and has obligated itself to pay its counsel reasonable attorney's fees along with costs and expenses incurred in this action. Airpark Plaza is entitled to an award of reasonable attorney's fees, costs and expenses incurred in defense of Plaintiff's claims pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

WHEREFORE Defendant GRI-EQY (AIRPARK PLAZA) LLC, having answered Plaintiff's complaint and asserted affirmative and other defenses, respectfully requests that this Court dismiss Plaintiff's complaint with prejudice and/or enter final judgment in its favor, award it reasonable attorney's fees, costs and expenses, and take such further action as is just and proper.

Dated:   March 7, 2025                     Respectfully submitted,

<div style="margin-left: 3em;">

*s/ Adam S. Chotiner*
Adam S. Chotiner, Esq.
Florida Bar No. 0146315
E-Mail:  achotiner@sbwh.law
SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Tel:  (561) 477-7800
Fax:  (561) 477-7722
*Counsel for Defendant GRI-EQY (Airpark Plaza) LLC*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or via email.

*s/ Adam S. Chotiner*
ADAM S. CHOTINER, ESQ.

## SERVICE LIST

*Carlos Brito v. GRI-EQY (Airpark Plaza) LLC, et al.*
Case No. 1:25-cv-20479-JB
United States District Court, Southern District of Florida

| | |
|---|---|
| Ramon J. Diego, Esq.<br>E-Mail: rdiego@lawgmp.com<br>The Law Office of Ramon J. Diego, P.A.<br>5001 SW 74th Court, Suite 103<br>Miami, FL, 33155<br>Tel: (305) 350-3103<br>Counsel for Plaintiff<br>*Via CM-ECF* | Adam S. Chotiner, Esq.<br>E-Mail: achotiner@sbwh.law<br>Shapiro, Blasi, Wasserman & Hermann, P.A.<br>7777 Glades Rd., Suite 400<br>Boca Raton, FL  33434<br>Tel: (561) 477-7800<br>Fax: (561) 477-7722<br>Counsel for Defendant GRI-EQY (Airpark Plaza) LLC<br>*Via CM/ECF* |
| Beverly Virues, Esq.<br>E-Mail: bvirues@lawgmp.com<br>Armando Mejias, Esq.<br>E-Mail: amejias@lawgmp.com<br>Garcia-Menocal P.L.<br>350 Sevilla Avenue, Suite 200<br>Coral Gables, Fl 33134<br>Tel: (305) 553-3464<br>Counsel for Plaintiff<br>*Via CM-ECF* | Daniel L. Leyton, Esq.<br>E-Mail: leyton@ktl-law.com<br>Kravitz, Talamo & Leyton<br>7600 West 20th Avenue; Suite 213<br>Hialeah, Florida 33016<br>Tel: (305) 558-5300<br>Fax: (305) 557-1934<br>Counsel for Defendant Subway 25904, Inc.<br>*Via CM/ECF* |

| | |
|---|---|
| Davd S. Abrams, Esq.<br>E-Mail: dabrams@abramslaw.com<br>Abrams & Abrams, P.A.<br>9769 S. Dixie Hwy., Ste 203<br>Miami, Florida 33156<br>Tel: (305) 598-1880<br>Fax: (305) 598-1881<br>Counsel for Defendant Mr. Cachapa Midtown LLC<br>*Via CM/ECF* | |